In the Matter of GUTWIRTH & ERRANTE HOMES, INC., et al., Petitioners. SAMUEL I. JACOBOWITZ, Respondent.

Supreme Court, Special Term, Queens County, February 5, 1948.

*Samuel Rubinton* and *Emanuel Thebner* for Irving Roossin and another, petitioners.

*Carl S. Rodin* for respondent.

HALLINAN, J. The permanent liquidator of a corporation under section 103 of the General Corporation Law applies by petition for a summary order directing the purchaser of one of the houses being sold by him to specifically perform the contract of purchase and sale in accordance with the terms and conditions thereof. The purchaser opposed the application on the ground that he cannot be compelled in this summary fashion to purchase the property and that there should be a plenary suit which would give him an opportunity to adequately contest the action on the merits.

Petitioner relies on *Matter of Childs Co.* (163 F. 2d 379) where it was held that a bankruptcy court had summary jurisdiction to give redress against a delinquent purchaser at a bankruptcy sale. The opinion shows, however, that the delinquent purchaser summarily proceeded against was the highest bidder at a *judicial* sale and that his bid had been accepted by the court. The situation presented here is different. In this case, the sale was private and not judicial and the court was not required to nor did it approve the terms thereof. Indeed, the agreement relied upon was not even a formal one, but merely

a binder agreement. Under these circumstances, the court is of the opinion that the summary remedy is unavailable and the petitioner must be relegated to a plenary suit to enforce the terms of the alleged agreement.

Accordingly, the application is denied, without prejudice.